UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BUNKER PARTNER OÜ** § | |
| § | CIVIL ACTION NO. 2:23-cv-01663 |
| **Plaintiff** § | |
| § | JUDGE JAMES D CAIN, JR |
| v § | |
| § | MAGISTRATE JUDGE KATHLEEN |
| **M/V BBC PLUTO, her engines,** § | KAY |
| **boilers, appurtenances, tackle, etc., in rem,** § | |
| § | ADMIRALTY - RULE 9(h) |
| **Defendant.** § | |

## ANSWER TO VERIFIED COMPLAINT

NOW INTO COURT, through undersigned counsel, comes, Baltnav Singapore PTE Ltd. ("Baltnav"), as claimant of the M/V BBC PLUTO, pursuant to Rule E(8) of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, while not waiving any jurisdictional defenses or any other defenses or claims, with full reservation of all rights, objections, and defenses, specifically reserving any and all rights, privileges, and immunities under the pertinent bills of lading, charter party or charter parties, or applicable contractual terms and conditions, and at all times reserving its right to arbitrate pursuant to the bills of lading, charter party or charter parties, or applicable contractual terms and conditions, makes this limited appearance to answer the allegations against the M/V BBC PLUTO, *in rem*, in the Verified Complaint for Damages (the "Complaint") filed by Bunker Partner OÜ ("Bunker Partners"), as follows:

### FIRST DEFENSE

The Complaint fails to state a claim, right, or cause of action against the Vessel upon which relief may be granted.

### SECOND DEFENSE

The Court lacks personal jurisdiction over Baltnav and the M/V BBC PLUTO.

5144453

## THIRD DEFENSE

AND NOW, without waiving any of the foregoing defenses, Baltnav answers the allegations of the Petition, categorically and by paragraph, denying all allegations unless otherwise admitted below, as follows:

To the extent a response to the initial introductory paragraph is deemed necessary, Baltnav responds that the allegations are denied for lack of knowledge or information sufficient to form a belief as to the truth of the matter(s) asserted.

1.

The allegations of Paragraph 1 of the Complaint call for a legal conclusion and do not require a response. To the extent a response is required, Baltnav admits that Bunker Partners brought its claims under the Court's admiralty and maritime jurisdiction and Rule C of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. Baltnav admits that the Court has subject matter jurisdiction. All remaining allegations are denied for lack of knowledge or information sufficient to form a belief as to the truth of the matter(s) asserted.

2.

The allegations of Paragraph 2 of the Complaint call for a legal conclusion and do not require a response. To the extent a response is required, Baltnav admits that the M/V BBC PLUTO, IMO No. 9537276, was present in the Western District of Louisiana and was arrested under Rule C. All remaining allegations are denied for lack of knowledge or information sufficient to form a belief as to the truth of the matter(s) asserted.

3.

The allegations of Paragraph 3 of the Complaint are denied for lack of knowledge or information sufficient to form a belief as to the truth of the matter(s) asserted.

4.

The allegations of Paragraph 4 of the Complaint are admitted to the extent the M/V BBC PLUTO is a vessel registered in the Republic of Liberia, with IMO No. 9537276.  Baltnav denies that the vessel is presently in the jurisdiction of the Western District of Louisiana and that it will remain in the district during the pendency of the action.

5.

The allegations of Paragraph 5 are admitted to the extent Bunker Partners brought this action alleging that it was a supplier of bunkers to the M/V BBC PLUTO and seeks to recover amounts owed.  The remaining allegations of Paragraph 5 are denied for lack of knowledge or information sufficient to form a belief as to the truth of the matter(s) asserted.

6.

The allegations of Paragraph 2 of the Complaint call for a legal conclusion and do not require a response. To the extent a response is required, the allegations are admitted.

7.

The allegations of Paragraph 7 of the Complaint are admitted to the extent a copy of the Bunker Contract Confirmation and incorporated Bunker Partner's General Terms & Conditions of Sale are attached to the Complaint. Remaining allegations are directed to a party other than Baltnav and therefore do not require a response.  To the extent a response is required, the remaining allegations of Paragraph 7 are denied for lack of knowledge or information sufficient to form a belief as to the truth of the matter(s) asserted.

8.

The allegations of Paragraph 8 of the Complaint are admitted to the extent a copy of the Bunker Delivery Note is attached to the Complaint. The remaining allegations of Paragraph 7 are denied for lack of knowledge or information sufficient to form a belief as to the truth of the matter(s) asserted.

9.

The allegations of Paragraph 9 (incorrectly identified as Paragraph 10) are admitted to the extent the Bunker Delivery Note appears to bear the signature of the Chief Engineer and seal of the M/V BBC PLUTO.

10.

The allegations of Paragraph 10 (incorrectly identified as Paragraph 11) of the Complaint call for a legal conclusion and do not require a response. To the extent a response is required, the allegations are denied for lack of knowledge or information sufficient to form a belief as to the truth of the matter(s) asserted.

11.

The allegations of Paragraph 11 (incorrectly identified as Paragraph 12) of the Complaint are admitted to the extent a copy of an Invoice totaling $424,750.00 is attached to the Complaint. The remaining allegations of Paragraph 11 are denied for lack of knowledge or information sufficient to form a belief as to the truth of the matter(s) asserted.

12.

The allegations of Paragraph 12 (incorrectly identified as Paragraph 13) of the Complaint are admitted to the extent Alberta was a time-charterer of the M/V BBC PLUTO. The remaining

allegations of Paragraph 12 are denied for lack of knowledge or information sufficient to form a belief as to the truth of the matter(s) asserted.

13.

The allegations of Paragraph 13 (incorrectly identified as Paragraph 14) of the Complaint call for a legal conclusion and do not require a response. To the extent a response is required, the allegations are denied for lack of knowledge or information sufficient to form a belief as to the truth of the matter(s) asserted.

14.

The allegations of Paragraph 14 (incorrectly identified as Paragraph 15) of the Complaint are admitted to the extent Clause 21.2 of the General terms and Conditions of Sale provides that "[n]otwithstanding provisions of Cl 21.1 hereof all/any questions, natters (sic) with regard to the maritime lien over the Vessel for the Products supplied shall be governed and exist in accordance with the Maritime Law of the USA."  The remaining allegations of Paragraph 14 contain legal conclusions and do not require a response.

15.

The allegations of Paragraph 15 (incorrectly identified as Paragraph 16) of the Complaint call for a legal conclusion and do not require a response. To the extent a response is required, Balnav denies the allegations as written.

16.

The allegations of Paragraph 16 (incorrectly identified as Paragraph 17) of the Complaint call for a legal conclusion and do not require a response. To the extent a response is required, the allegations are denied for lack of knowledge or information sufficient to form a belief as to the truth of the matter(s) asserted.

17.

The allegations of Paragraph 17 (incorrectly identified as Paragraph 18) of the Complaint call for a legal conclusion and do not require a response. To the extent a response is required, the allegations relate to other entities and are denied for lack of knowledge or information sufficient to form a belief as to the truth of the matter(s) asserted. Baltnav admits that Bunker Partners has attached an Invoice for the amount of $424,750.00 to the complaint.

18.

The allegations of Paragraph 18 (incorrectly identified as Paragraph 19) of the Complaint are denied for lack of knowledge or information sufficient to form a belief as to the truth of the matter(s) asserted.

19.

The allegations of Paragraph 19 (incorrectly identified as Paragraph 20) of the Complaint contain a repetition and realleging of matters previously averred and do not require a response. To the extent a response is required, the allegations are denied for lack of knowledge or information sufficient to form a belief as to the truth of the matter(s) asserted.

20.

The allegations of Paragraph 20 (incorrectly identified as Paragraph 21) of the Complaint call for a legal conclusion and do not require a response. To the extent a response is required, the allegations are denied for lack of knowledge or information sufficient to form a belief as to the truth of the matter(s) asserted.

21.

The allegations of Paragraph 21 (incorrectly identified as Paragraph 22) of the Complaint call for a legal conclusion and do not require a response. To the extent a response is required,

Baltnav admits that Plaintiff sought an Order of Arrest in the amount of $637,125.00 and alleges entitlement to costs, fees, and interest.  The remaining allegations are denied as written.

22.

The allegations of Paragraph 22 (incorrectly identified as Paragraph 23) of the Complaint do not require a response to the extent they contain Plaintiff's statement that it seeks to enforce a maritime lien, pursuant to Rule C. The remaining allegations are denied as written.

23.

The allegations of the Paragraph titled WHEREFORE, including subparts A. through D., contain Plaintiff's prayer for relief and do not require a response from Baltnav.  To the extent a response is required, the allegations are denied.

## FOURTH DEFENSE

All allegations in the Complaint not specifically admitted herein are denied.

## FIFTH DEFENSE

Pursuant to the Federal Arbitration Act, the Convention on Enforcement of Foreign Arbitration Awards, and/or other applicable law, Baltnav reserves any and all rights it may have to arbitrate this dispute as agreed to in any charter party(s), bill(s) of lading, contracts and/or other contract(s) and terms and conditions.

## SIXTH DEFENSE

For further answer, if any be necessary, and without waiving any of the foregoing defenses, Baltnav would show as a defense to Plaintiff's Complaint that this action should be dismissed in its entirety on the grounds of *forum non conveniens* or otherwise for resolution under the terms of any choice of forum/choice of law clause that may exist under the governing bills of lading, charter

party and/or other contract of carriage, which would give Baltnav the right to request that this Court stay, dismiss or transfer this proceeding in favor of a foreign forum or tribunal.

## SEVENTH DEFENSE

For further answer, if any be necessary, and without waiving any of the foregoing defenses, Baltnav would show as a defense to Plaintiff's Complaint the provisions and limitations of 1924 Hague Visby Rules, the United States Carriage of Goods by Sea Act (Ch. 229, 49 Stat. 1207 (1936), reprinted in note following 46 U.S.C. § 30701, previously codified at 46 U.S.C. § 1300-15), the Harter Act (46 U.S.C. § 30704), the General Maritime Law, the Hague Visby Rules, any applicable conventions, rules or treaties.  If Plaintiff has sustained any damage or loss, which is expressly denied, the same was proximately caused by one or more causes for which Baltnav is exempted from liability, or as to which their liability is limited.

## EIGHTH DEFENSE

For further answer, if any be necessary, and without waiving any of the foregoing defenses, Baltnav would show as a defense to Plaintiff's Complaint any right it may have under the covering bill(s) of lading, Charter Party, tariff, and/or other applicable contract(s) covering carriage, transportation, handling and/or storage of Plaintiff's cargo, including, but not limited to, the United States Carriage of Goods by Sea Act, none of which are deemed waived.

## NINTH DEFENSE

In the event that Plaintiff sustained the damages as alleged, which is specifically denied, then Baltnav submits that Plaintiff failed to take reasonable and proper steps to mitigate its alleged damages as required by law, all of which is plead in bar and/or diminution to any award to which Plaintiff might ultimately be found entitled. Baltnav places on Plaintiff full proof of the fairness and reasonableness of the steps taken, if any, to minimize the alleged damages.

### TENTH DEFENSE

The Complaint is barred by laches and/or the applicable limitations for the filing of suit, whether statutory, contractual, and/or in law or equity.

### ELEVENTH DEFENSE

Bunker Partners OÜ is not the real party in interest and/or not the proper party plaintiff and, accordingly, cannot bring or maintain this action.

### TWELFTH DEFENSE

Baltnav reserves the right to supplement their answer and assert additional defenses and/or affirmative defenses to the Complaint that may become available or apparent during the course of discovery in this matter.

WHEREFORE, premises considered, defendants, Baltnav Singapore PTE Ltd. ("Baltnav"), as claimant of the M/V BBC PLUTO, pursuant to Rule E(8) of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, prays that:

1) The above Answer to Plaintiff's Complaint be deemed good and sufficient;

2) That after due proceedings had, there by judgment in favor of Baltnav Singapore PTE Ltd. *in personam*, and the M/V BBC PLUTO, *in rem*, and against plaintiff, dismissing the Complaint at plaintiff's costs with prejudice; and

3) For all general and equitable relief as the law and nature of the case may allow.

Respectfully submitted,

*/s/ Derek Walker*
Derek A. Walker, #13175
Alexander J. DeGiulio, #38184
**CHAFFE McCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: (504) 585-7000
Facsimile: (504) 585-7075
Email: walkerd@chaffe.com
Email: alex.degiulio@chaffe.com
***Attorneys for Baltnav Singapore PTE Ltd.***

### CERTIFICATE OF SERVICE

I hereby certify that I have on this 13th day of December, 2023, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by e-mail, ECF filing, facsimile, certified mail, hand delivery, overnight courier, and/or by mailing the same in United States mail, properly addressed, and first class postage prepaid.

*/s/ Derek A. Walker*
Derek A. Walker